COPY

CAROLYN COLLINS, STATE BAR NO. 083228
ccollins@thelen.com
LYNN R. FIORENTINO, STATE BAR NO. 226691
lfiorentino@thelen.com
GINA M. FORNARIO, STATE BAR NO. 246619
gfornario@thelen.com
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3606
Tel. 415.371.1200
Fax 415.371.1211
Attorneys for Defendant
THE PROCTER & GAMBLE DISTRIBUTING, LLC
(erroneously named and sued as Procter and Gamble Manufacturing Company)

ORIGINAL FILED
08 JUN 23 ''' 3: 12
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO.

E-FILING

JW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C08    03057    RS

| | |
|---|---|
| ELIZABETH PEREZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>THE PROCTER & GAMBLE MANUFACTURING COMPANY; DOES 1 to 20,<br><br>　　　　　Defendants. | Case No.<br><br>[Originally filed in San Benito Superior Court, Hollister – Civil Division, Case No. CU-08-00021]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1441(a); 1441(b); 1446(a) (DIVERSITY)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant The Procter & Gamble Distributing, LLC, erroneously named and sued as The Procter and Gamble Manufacturing Company, ("Defendant") hereby removes to this Court the state court action described below.

　　　1.　　On or about February 7, 2008, an action was commenced in the Superior Court of the State of California in and for the County of San Benito, Hollister – Civil Division entitled *Elizabeth Perez v. The Procter & Gamble Company, Inc.; DOES 1-10,* Case No. CU-08-00021.  A

SF #1503448 v3

-1-

1  copy of the Complaint is attached hereto as **Exhibit A**. Defendant was not served with the

2  Complaint.

3      2.      On or about May 9, 2008, Plaintiff Elizabeth Perez ("Plaintiff") filed a First

4  Amended Complaint entitled *Elizabeth Perez v. The Procter & Gamble Manufacturing Company;*

5  *DOES 1-10,* Case No. CU-08-00021, Superior Court of the State of California in and for the

6  County of San Benito, Hollister – Civil Division. A copy of the First Amended Complaint is

7  attached hereto as **Exhibit C**.

8      3.      The first date upon which Defendant received a copy of the First Amended

9  Complaint was May 27, 2008, when Defendant was served with said First Amended Complaint

10 and a First Amended Summons from the state court. A copy of the First Amended Summons and

11 service of process transmittal from the agent of service of process, CT Corporation, are attached

12 hereto as **Exhibits B and F**.

13     4.      Defendant filed its Answer to the to the First Amended Complaint and Demand for

14 Jury Trial on June 23, 2008. A copy of the Answer and Request for Jury Trial is attached hereto as

15 **Exhibit G**.

16     5.      This is a civil action of which this Court has original jurisdiction under the

17 provisions of 28 U.S.C. section 1332(a), and one which may be removed to this Court by

18 Defendant pursuant to the provisions of 28 U.S.C. section 1441(b) in that it is a civil action

19 between citizens of different states and the matter in controversy exceeds $75,000, exclusive of

20 interest and costs, as set out below.

21     6.      The grounds for removal are:

22         a.      Jurisdiction. Pursuant to the provisions of 28 U.S.C. sections 1332(a) and

23 1441(b), there is complete diversity of citizenship between Plaintiff and Defendant.

24             i.      Plaintiff is an individual who is a citizen of the State of California,

25 as alleged in the First Amended Complaint at ¶1.

26             ii.     Defendant The Procter & Gamble Distributing LLC was, at the time

27 of the filing of this action, and still is, a limited liability company incorporated under the laws of

28 the State of Delaware, with its principal place of business in Ohio. None of Defendant's members

1  are citizens of the State of California. A copy of an excerpt from the State of Delaware's Division

2  of Corporations website, https://sos-res.state.de.us/tin/controller, showing that Defendant is

3  incorporated under the laws of Delaware is attached hereto as **Exhibit H.**

4                          iii.      The defendants identified as "Does 1-10" in Plaintiff's First

5  Amended Complaint are merely fictitious parties whose citizenship is disregarded for purposes of

6  removal. 28 U.S.C. section 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th

7  Cir. 1998). To the best of Defendant's knowledge, no fictitiously defendant has been served with

8  process, and these fictitious parties may be ignored for purposes of determining removal.

9                          b.      Amount in Controversy. The matter in controversy in this action likely

10  exceeds $75,000, exclusive of interests and costs because of the nature and extent of the injuries

11  and damages alleged by plaintiff in the First Amended Complaint and in written correspondence

12  from plaintiff's counsel, alleging that plaintiff's medical special damages exceed $50,000. The

13  First Amended Complaint alleges that "Plaintiff was caused to suffer severe, permanent, and

14  disabling, injuries and damages, including, but not limited to, burning of the second and third

15  degree, scarring and damage to her skin, muscles, ligaments, cartilages, nerves, vessels, and other

16  soft tissues; that all of Plaintiff's injuries are permanent, serious, painful and disabling, and will

17  cause Plaintiff disability in the future; that Plaintiff's ability to work and enjoy life has been

18  temporarily and permanently impaired and destroyed." First Amended Complaint, ¶¶ 9, 20, 31,

19  41. Plaintiff further alleges that Plaintiff has lost wages, earnings, and income, and may continue

20  to lose the same in the future. *Id.* at ¶¶ 11, 22, 33, 43.   Additionally, Plaintiff seeks punitive

21  damages. *Id.* at 9:7. Therefore, it is facially apparent that the Plaintiff's claims likely exceed

22  $75,000. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

23          7.      Removal of this action on the basis of diversity of citizenship is not precluded by

24  the provisions of 28 U.S.C. section 1441(b) because Defendant is not a citizen of the State of

25  California, the State in which the action was brought.

26          8.      Intradistrict Assignment. Pursuant to 28 U.S.C. section 1441(e)(1) and Civil L.R.

27  3-5(b), Defendant removes this case to the United States District Court for the Northern District of

28

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1441(a), 1441(b); 1446(a)

1  California, San Jose Division, which is the federal judicial district in which the state court action is

2  pending.

3         9.     This Notice of Removal is timely under 28 U.S.C. section 1446(b) because it is

4  filed within 30 days of Defendant's receipt of the First Amended Complaint from which

5  Defendant learned that the case was removable.

6        10.   Plaintiff's First Amended Summons and First Amended Complaint were filed on

7  May 9, 2008; thus, this Notice of Removal is also timely under 28 U.S.C. section 1441(b) in that it

8  is being filed within one year after commencement of the action.

9        11.   Plaintiff and the clerk of the Superior Court for the County of San Benito, Hollister

10  – Civil Division will be properly and timely served with copies of this Notice of Removal.

11  Because there are not other defendants in this action, other than "Doe" defendants, there is no need

12  for consent to removal by others.

13        12.   Attached hereto are copies of all pleadings, process and orders served on Defendant

14  in the state action consisting of:

15            a.     First Amended Summons dated May 9, 2008, attached to this Notice as

16  **Exhibit B;**

17            b.     First Amended Complaint, filed on May 9, 2008, attached to this Notice as

18  **Exhibit C;**

19            c.     Notice of Inclusion In Civil Case Management System and Notice of Case

20  Management Conference, dated February 7, 2008, attached hereto as **Exhibit D;**

21            d.     Notice and Acknowledgement of Receipt – Civil, dated May 13, 2008,

22  attached to this Notice as **Exhibit E;**

23            e.     Proceedings Notice/Minute Order filed February 7, 2008, attached to this

24  ///

25  ///

26  ///

27  ///

28  ///

1    Notice as **Exhibit I.**

2

3    Dated: June 23, 2008          THELEN REID BROWN RAYSMAN & STEINER LLP

4

5                          By _Lynn R. Fiorentino_

6                             Carolyn Collins
                             Lynn R. Fiorentino
7                             Gina M. Fornario
                             Attorneys for Defendant
8                             The Procter & Gamble Distributing, LLC
                             (erroneously named and sued as Procter and
9                             Gamble Manufacturing Company)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  LAW OFFICES OF THOMAS SALCICCIA
   NELSON MCELMURRY, SBN 236079
2  THE SALCICCIA BUILDING
   870 NORTH FIRST STREET
3  SAN JOSE, CA 95112
   408-295-5555
4  408-295-4175 (Fax)
   Attorney For Plaintiff

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BENITO

FEB 7 2008

BY _____
DEPUTY CLERK

6         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7              IN AND FOR THE COUNTY OF SAN BENITO

8                     HOLLISTER - CIVIL

9                                          ) CASE NO: CU·08·00021
   ELIZABETH PEREZ,                        )
10                                         ) COMPLAINT FOR DAMAGES
               Plaintiff,                  )    1) STRICT PRODUCTS LIABILITY
11                                         )    2) NEGLIGENCE
             -vs-                          )    3) FAILURE TO WARN
12                                         )    4) BREACH OF IMPLIED
   THE PROCTOR AND GAMBLE                  )       WARRANTY
13 COMPANY, INC.; DOES 1-10                )
                                           )
14             Defendant.                  )
15 _____       )

16 COMES NOW, Plaintiff ELIZABETH EPREZ, by and through her attorney, Nelson

17 McElmurry, for causes of action against Defendant, states:

18     1.    Plaintiff Elizabeth Perez (hereinafter "Plaintiff"), is an individual and is now,

19 and at all times mentioned in this complaint, a resident of San Benito County, California,

20     2.    Defendant Procter and Gamble Manufacturing Company (hereinafter

21 "Defendant"), is now, and was at all times herein mentioned, a duly organized and

22 existing corporation, incorporated in the State of Ohio, and qualified to do business in the

23 State Of California.

24

25     3.    Defendant is now, and at all times mentioned in this complaint, engaged in

26 the business of designing, manufacturing, selling, and distributing to members of the

-1-
COMPLAINT

06/10/2008 16:58 FAX  831 636 2046          SAN BENITO COURTS                    ☒003/010
Feb-07-09  14:41    From-LAW+OFFICES                    +4082954175        T-063  P.06/12  F-580

public, a heating pad product known as ThermaCare Heatwraps.

4.    On or about February 8, 2006 Plaintiff was severely injured in Hollister, CA with second and third degree burns when using a ThermaCare Heatwrap (hereinafter "Heatwrap"), which was designed, manufactured, distributed, and sold by Defendant.

## COUNT I
## (STRICT PRODUCTS LIABILITY)

5.    Plaintiff re-alleges and incorporates herein paragraphs 1 through 4 by reference.

6.    The Heatwrap was designed and manufactured by Defendant who sells such products in the regular course of its business, and which product was expected to and did reach Plaintiff without substantial change in the condition in which it was manufactured and distributed to Plaintiff.

7.    The Subject Heatwrap was in a defective condition and unreasonably dangerous when used in a manner as directed and reasonably anticipated in that it was designed, manufactured, distributed, and sold by Defendant in such a manner that, inter alia, an improper chemical and/or element, mixture of chemicals and/or elements, or amount of chemicals and/or elements was used; and such design and/or manufacturing defects as the evidence will show.

8.    The Heatwrap was used by Plaintiff in a manner reasonably anticipated and directed by Defendant.

9.    As a direct and proximate result of such defective and unreasonably dangerous condition as existed when the Heatwrap was designed and manufactured, distributed, and sold, Plaintiff was caused to suffer severe, permanent, and disabling

COMPLAINT

06/10/2008 16:58 FAX 831 636 2046          SAN BENITO COURTS                              ☑004/010

Feb-07-08 14:41    From-LAW OFFICES                    +4082954175          T-069  P.07/13  F-598

injuries and damages, including, but not limited to, burning of the second and third degree, scarring and damage to her skin, muscles, ligaments, cartilages, nerves, vessels, and other soft tissues; that all of Plaintiff's injuries are permanent, serious, painful and disabling, and will cause Plaintiff disability in the future; that Plaintiff's ability to work and enjoy life has been temporarily and permanently impaired and destroyed.

10.    As a direct and proximate result of the aforesaid defects, Plaintiff has been caused to undergo necessary medical and health care services and treatment in reasonable amounts, and that Plaintiff will become further obligated for necessary medical and health care services and treatment in the future in reasonable amounts.

11.    As a direct and proximate result of the aforesaid defects, Plaintiff has lost wages, earnings, and income, and may continue to lose the same in the future.

12.    At the time the Heatwrap was sold, Defendant was aware of the defective and/or dangerous conditions of the Heatwrap, as set forth above.

13.    Defendant knew or had information from which Defendant, in the exercise of ordinary care, should have known that such conduct created a high degree of probability of injury.

14.    The conduct of Defendant, as set forth above, showed a conscious disregard for the safety of Plaintiff as well as the general public, justifying an award of punitive damages in such sum which will serve to punish Defendant and deter Defendant and others from like conduct.

## COUNT II

### (NEGLIGENCE)

15.    Plaintiff re-alleges and incorporates herein paragraphs 1 through 14 by

06/10/2008 16:58 FAX 831 636 2046      SAN BENITO COURTS                    ☑005/010
Feb-07-08 14:42    From-LAW+OFFICES              +4082954175        T-063  P.06/13  F-568

reference.

16.    At the time of Plaintiff's injuries, the Heatwrap was used by Plaintiff in a manner reasonably anticipated and/or directed by Defendant.

17.    The injuries to Plaintiff were directly and proximately caused by Defendant's negligence in that the Heatwrap had improper an improper chemical and/or element, mixture of chemicals and/or elements, or amount of chemicals and/or elements; and such further design and/or manufacturing defects as the discovery and evidence will shows.

18.    Defendant carelessly and negligently designed, manufactured, distributed, and sold the Subject Heatwrap which had an improper chemical and/or elements, mixture of chemicals and/or elements, or amount of chemicals and/or elements; and such further design and/or manufacturing defects as discovery and the evidence will show.

19.    These negligent acts and omissions were the direct and proximate cause of the serious and permanent injuries sustained by Plaintiff on or about February 8, 2006.

20.    As a direct and proximate result of the aforesaid defects, Plaintiff was caused to suffer severe, permanent, and disabling injuries and damages, including, but not limited to, burning of the second and third degree, scarring and damage to her skin, muscles, ligaments, cartilages, nerves, vessels, and other soft tissues; that all of Plaintiff's injuries are permanent, serious, painful, and disabling, and will cause Plaintiff disability in the future; that Plaintiff's ability to work and enjoy life has been temporarily and permanently impaired and destroyed.

-4-

06/10/2008 16:59 FAX 831 636 2046          SAN BENITO COURTS                                    ☒006/010

Feb-07-08 14:42   From-LAW+OFFICES                    +4082854175           T-063  P.09/13  F-588

21.    As a direct and proximate result of the aforesaid defects, Plaintiff has been caused to undergo necessary medical and health care services and treatment in reasonable amounts, and that Plaintiff will become further obligated for necessary medical and health care services and treatment in the future in reasonable amounts.

22.    As a direct and proximate result of the aforesaid defects, Plaintiff has lost wages, earnings, and income, and may continue to lose the same in the future.

23.    Defendant knew or had information from which Defendant, in the exercise of ordinary care, should have known that such conduct created a high degree of probability of injury.

24.    The conduct of Defendant, as set forth above, showed a conscious disregard for the safety of Plaintiff and others, justifying an award of punitive damages in such sum which will serve to punish Defendant and deter Defendant and others from like conduct.

## COUNT III

## (STRICT LIABILITY - FAILURE TO WARN)

25.    Plaintiff re-alleges and incorporates herein paragraphs 1 through 24 by reference.

26.    Heatwrap was designed, manufactured, distributed, and sold by Defendant, who sells such products in the regular course of its business, and which product was expected to and did reach Plaintiff without substantial change in the condition in which it was manufactured.

27.    The Subject Heatwrap was in a defective condition and unreasonably dangerous when put to reasonably anticipated and directed use in that it was

COMPLAINT

1  designed, manufactured, distributed, and sold by Defendant such that, inter alia, the

2  Subject Heatwrap had improper chemicals and or elements, mixture of chemicals,

3  and/or elements, or amount of chemicals and/or elements; and such further design

4  and/or manufacturing defects as discovery and the evidence will show.

5          28.    Defendant did not give an adequate warning of the dangers and defects

6  7  herein described.

8          29.    The Subject Heatwrap was used in a manner reasonably anticipated

9  and/or directed.

10         30.    Plaintiff was damaged as a direct and proximate result of the failure to

11  warn of the defective and unreasonably dangerous condition as existed when the

12  Heatwrap was designed and manufactured.

13         31.    As a direct and proximate result of such failure to warn, Plaintiff was

14  15  caused to suffer severe, permanent, and disabling injuries and damages, including, but

16  not limited to, burning of the second and third degree, scarring and damage to her skin,

17  muscles, ligaments, cartilages, nerves, vessels, and other soft tissues; that all of

18  Plaintiff's injuries are permanent, serious, painful and disabling, and will cause Plaintiff

19  disability in the future; that Plaintiff's ability to work and enjoy life has been temporarily

20  and permanently impaired and destroyed.

21         32.    As a direct and proximate result of such failure to warn, Plaintiff has been

22  23  caused to undergo necessary medical and health care services and treatment in

24  reasonable amounts, and that Plaintiff will become further obligated for necessary

25  medical and health care services and treatment in the future in reasonable amounts.

26         33.    As a direct and proximate result of such failure to warn, Plaintiff has lost

COMPLAINT

1  wages, earnings, and income, and may continue to lose the same in the future.

2      34.    At the time the Subject Heatwrap was sold, Defendant knew of such

3  dangerous and defective condition, as set forth above.

4      35.    Defendant knew or had information from which Defendant, in the exercise

5  of ordinary care, should have known that such conduct created a high degree of

6  probability of injury.

7      36.    The conduct of Defendant, as set forth above, showed a conscious

8  disregard for the safety of Plaintiff and the general public, justifying an award of

9  punitive damages in such sum which will serve to punish Defendant and deter

10 Defendant and others from like conduct.

## COUNT IV

### (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)

11     37.    Plaintiff re-alleges and incorporates herein paragraphs 1 through 37 by

12 reference.

13     38.    Defendants sold the Heatwrap to Plaintiff in the manner of their usual and

14 customary business practices.

15     39.    When Defendants sold the Heatwrap, it was not fit for its ordinary purpose

16 because the Heatwrap was designed, manufactured, distributed, and sold by Defendant

17 such that, inter alia, the Subject Heatwrap had improper chemicals and/or elements,

18 mixture of chemicals and/or elements, or amount of chemicals and/or elements; and

19 such further design and/or manufacturing defects as discovery and the evidence will

20 show

21     40.    As a result of the Heatwrap not being fit for its ordinary purpose, Plaintiff

-7-

was damaged in an amount the evidence will show.

41.    As a direct and proximate result of such breach, Plaintiff was caused to suffer severe, permanent, and disabling injuries and damages, including, but not limited to, burning of the second and third degree, scarring and damage to her skin, muscles, ligaments, cartilages, nerves, vessels, and other soft tissues; that all of Plaintiff's injuries are permanent, serious, painful and disabling, and will cause Plaintiff disability in the future; that Plaintiff's ability to work and enjoy life has been temporarily and permanently impaired and destroyed.

42.    As a direct and proximate result of the such breach, Plaintiff has been caused to undergo necessary medical and health care services and treatment in reasonable amounts, and that Plaintiff may become further obligated for necessary medical and health care services and treatment in the future in reasonable amounts.

43.    As a direct and proximate result of such breach, Plaintiff has lost wages, earnings, and income, and may continue to lose the same in the future.

44.    At the time the Heatwrap was sold, Defendant knew of the defective and dangerous conditions of the Heatwrap, as set forth above.

45.    Defendant knew or had information from which Defendants, in the exercise of ordinary care, should have known that such conduct created a high degree of probability of injury.

46.    The conduct of Defendant, as set forth above, showed a conscious disregard for the safety of Plaintiff and others, justifying an award of punitive damages in such sum which will serve to punish Defendant and deter Defendant and others from like conduct.

COMPLAINT

WHEREFORE, Plaintiff demands judgment against defendant as to all causes

of action as follows:

    1.  General damages according to proof,

    2.  Special damages according to proof,

    3.  Prejudgment interest according to law,

    4.  Punitive damages; and,

    5.  Any other further relief that the court considers just and proper.

_1/30/08_
DATED

_____
NELSON MCELMURRY
Attorney For Plaintiff


### VERIFICATION (446, 2015.5 C.C.P.)

State Of California}

County Of San Benito}

I am the Plaintiff in the within states action.  I have read the foregoing: Complaint,
Cause of Action Strict Products Liability, Negligence, Failure To Warn, Breach Of
Implied Warranty, and know the contents thereof; and certify (or declare) that the same
is true of my own knowledge or belief, and as to those matters, I believe.  I certify (or
declare) under penalty of perjury that the information contained within is true and
correct.  Executed on January 30, 2008 at Hollister, CA.

_____
ELIZABETH PEREZ

# EXHIBIT B

FIRST AMENDED **SUMMONS**
*(CITACION JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO) :*
THE PROCTER & GAMBLE MANUFACTURING COMPANY;
DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE) :*
ELIZABETH PEREZ

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT | CASE NUMBER.<br>*(Número del Caso)*<br>CU-08-00021 |

440 Fifth Street    Hollister, CA 95023-3833

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NELSON MCELMURRY, ESQ.    THE SALCICCIA BUILDING
870 NORTH FIRST STREET    SAN JOSE, CA 95112
(408) 295-5555

DATE:    Clerk, by    KRISTINA TEDESCO    , Deputy
*(Fecha)* MAY 1 9 2008    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

(SEAL)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**
FIRST AMENDED

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT C

1  LAW OFFICES OF THOMAS SALCICCIA
   NELSON MCELMURRY, SBN 236079
2  THE SALCICCIA BUILDING
   870 NORTH FIRST STREET
3  SAN JOSE, CA 95112
   408-295-5555
4  408-295-4175 (Fax)
   Attorney For Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BENITO

MAR 0 9 2008

KRISTINA TEDESCO
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN BENITO

HOLLISTER - CIVIL

ELIZABETH PEREZ,

        Plaintiff,

    -vs-

THE PROCTER & GAMBLE
MANUFACTURING COMPANY; DOES 1-
10

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO:  CU-08-00021

FIRST AMENDED COMPLAINT FOR
DAMAGES
  1)  STRICT PRODUCTS LIABILITY
  2)  NEGLIGENCE
  3)  FAILURE TO WARN
  4)  BREACH OF IMPLIED
      WARRANTY

COMES NOW, Plaintiff ELIZABETH EPREZ, by and through her attorney, Nelson

McElmurry, for causes of action against Defendant, states:

    1.    Plaintiff Elizabeth Perez (hereinafter "Plaintiff"), is an individual and is now,

and at all times mentioned in this complaint, a resident of San Benito County, California,

    2.    Defendant Procter and Gamble Manufacturing Company (hereinafter

"Defendant"), is now, and was at all times herein mentioned, a duly organized and

existing corporation, incorporated in the State of Ohio, and qualified to do business in the

State Of California.

    3.    Defendant is now, and at all times mentioned in this complaint, engaged in

the business of designing, manufacturing, selling, and distributing to members of the

-1-

COMPLAINT

public, a heating pad product known as ThermaCare Heatwraps.

4.    On or about February 8, 2006 Plaintiff was severely injured in Hollister, CA with second and third degree burns when using a ThermaCare Heatwrap (hereinafter "Heatwrap"), which was designed, manufactured, distributed, and sold by Defendant.

<u>COUNT I</u>

**(STRICT PRODUCTS LIABILITY)**

5.    Plaintiff re-alleges and incorporates herein paragraphs 1 through 4 by reference.

6.    The Heatwrap was designed and manufactured by Defendant who sells such products in the regular course of its business, and which product was expected to and did reach Plaintiff without substantial change in the condition in which it was manufactured and distributed to Plaintiff.

7.    The Subject Heatwrap was in a defective condition and unreasonably dangerous when used in a manner as directed and reasonably anticipated in that it was designed, manufactured, distributed, and sold by Defendant in such a manner that, inter alia, an improper chemical and/or element, mixture of chemicals and/or elements, or amount of chemicals and/or elements was used; and such design and/or manufacturing defects as the evidence will show.

8.    The Heatwrap was used by Plaintiff in a manner reasonably anticipated and directed by Defendant.

9.    As a direct and proximate result of such defective and unreasonably dangerous condition as existed when the Heatwrap was designed and manufactured, distributed, and sold, Plaintiff was caused to suffer severe, permanent, and disabling

COMPLAINT

injuries and damages, including, but not limited to, burning of the second and third degree, scarring and damage to her skin, muscles, ligaments, cartilages, nerves, vessels, and other soft tissues; that all of Plaintiff's injuries are permanent, serious, painful and disabling, and will cause Plaintiff disability in the future; that Plaintiff's ability to work and enjoy life has been temporarily and permanently impaired and destroyed.

10.    As a direct and proximate result of the aforesaid defects, Plaintiff has been caused to undergo necessary medical and health care services and treatment in reasonable amounts, and that Plaintiff will become further obligated for necessary medical and health care services and treatment in the future in reasonable amounts.

11.    As a direct and proximate result of the aforesaid defects, Plaintiff has lost wages, earnings, and income, and may continue to lose the same in the future.

12.    At the time the Heatwrap was sold, Defendant was aware of the defective and/or dangerous conditions of the Heatwrap, as set forth above.

13.    Defendant knew or had information from which Defendant, in the exercise of ordinary care, should have known that such conduct created a high degree of probability of injury.

14.    The conduct of Defendant, as set forth above, showed a conscious disregard for the safety of Plaintiff as well as the general public, justifying an award of punitive damages in such sum which will serve to punish Defendant and deter Defendant and others from like conduct.

## COUNT II

## (NEGLIGENCE)

15.    Plaintiff re-alleges and incorporates herein paragraphs 1 through 14 by

reference.

16.    At the time of Plaintiff's injuries, the Heatwrap was used by Plaintiff in a manner reasonably anticipated and/or directed by Defendant.

17.    The injuries to Plaintiff were directly and proximately caused by Defendant's negligence in that the Heatwrap had improper an improper chemical and/or element, mixture of chemicals and/or elements, or amount of chemicals and/or elements; and such further design and/or manufacturing defects as the discovery and evidence will shows.

18.    Defendant carelessly and negligently designed, manufactured, distributed, and sold the Subject Heatwrap which had an improper chemical and/or elements, mixture of chemicals and/or elements, or amount of chemicals and/or elements; and such further design and/or manufacturing defects as discovery and the evidence will show.

19.    These negligent acts and omissions were the direct and proximate cause of the serious and permanent injuries sustained by Plaintiff on or about February 8, 2006.

20.    As a direct and proximate result of the aforesaid defects, Plaintiff was caused to suffer severe, permanent, and disabling injuries and damages, including, but not limited to, burning of the second and third degree, scarring and damage to her skin, muscles, ligaments, cartilages, nerves, vessels, and other soft tissues; that all of Plaintiff's injuries are permanent, serious, painful, and disabling, and will cause Plaintiff disability in the future; that Plaintiff's ability to work and enjoy life has been temporarily and permanently impaired and destroyed.

21.    As a direct and proximate result of the aforesaid defects, Plaintiff has been caused to undergo necessary medical and health care services and treatment in reasonable amounts, and that Plaintiff will become further obligated for necessary medical and health care services and treatment in the future in reasonable amounts.

22.    As a direct and proximate result of the aforesaid defects, Plaintiff has lost wages, earnings, and income, and may continue to lose the same in the future.

23.    Defendant knew or had information from which Defendant, in the exercise of ordinary care, should have known that such conduct created a high degree of probability of injury.

24.    The conduct of Defendant, as set forth above, showed a conscious disregard for the safety of Plaintiff and others, justifying an award of punitive damages in such sum which will serve to punish Defendant and deter Defendant and others from like conduct.

## COUNT III

### (STRICT LIABILITY - FAILURE TO WARN)

25.    Plaintiff re-alleges and incorporates herein paragraphs 1 through 24 by reference.

26.    Heatwrap was designed, manufactured, distributed, and sold by Defendant, who sells such products in the regular course of its business, and which product was expected to and did reach Plaintiff without substantial change in the condition in which it was manufactured.

27.    The Subject Heatwrap was in a defective condition and unreasonably dangerous when put to reasonably anticipated and directed use in that it was

designed, manufactured, distributed, and sold by Defendant such that, inter alia, the Subject Heatwrap had improper chemicals and or elements, mixture of chemicals, and/or elements, or amount of chemicals and/or elements; and such further design and/or manufacturing defects as discovery and the evidence will show.

28.    Defendant did not give an adequate warning of the dangers and defects herein described.

29.    The Subject Heatwrap was used in a manner reasonably anticipated and/or directed.

30.    Plaintiff was damaged as a direct and proximate result of the failure to warn of the defective and unreasonably dangerous condition as existed when the Heatwrap was designed and manufactured.

31.    As a direct and proximate result of such failure to warn, Plaintiff was caused to suffer severe, permanent, and disabling injuries and damages, including, but not limited to, burning of the second and third degree, scarring and damage to her skin, muscles, ligaments, cartilages, nerves, vessels, and other soft tissues; that all of Plaintiff's injuries are permanent, serious, painful and disabling, and will cause Plaintiff disability in the future; that Plaintiff's ability to work and enjoy life has been temporarily and permanently impaired and destroyed.

32.    As a direct and proximate result of such failure to warn, Plaintiff has been caused to undergo necessary medical and health care services and treatment in reasonable amounts, and that Plaintiff will become further obligated for necessary medical and health care services and treatment in the future in reasonable amounts.

33.    As a direct and proximate result of such failure to warn, Plaintiff has lost

wages, earnings, and income, and may continue to lose the same in the future.

34.    At the time the Subject Heatwrap was sold, Defendant knew of such dangerous and defective condition, as set forth above.

35.    Defendant knew or had information from which Defendant, in the exercise of ordinary care, should have known that such conduct created a high degree of probability of injury.

36.    The conduct of Defendant, as set forth above, showed a conscious disregard for the safety of Plaintiff and the general public, justifying an award of punitive damages in such sum which will serve to punish Defendant and deter Defendant and others from like conduct.

## COUNT IV

## (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)

37.    Plaintiff re-alleges and incorporates herein paragraphs 1 through 37 by reference.

38.    Defendants sold the Heatwrap to Plaintiff in the manner of their usual and customary business practices.

39.    When Defendants sold the Heatwrap, it was not fit for its ordinary purpose because the Heatwrap was designed, manufactured, distributed, and sold by Defendant such that, inter alia, the Subject Heatwrap had improper chemicals and/or elements, mixture of chemicals and/or elements, or amount of chemicals and/or elements; and such further design and/or manufacturing defects as discovery and the evidence will show

40.    As a result of the Heatwrap not being fit for its ordinary purpose, Plaintiff

was damaged in an amount the evidence will show.

41.    As a direct and proximate result of such breach, Plaintiff was caused to suffer severe, permanent, and disabling injuries and damages, including, but not limited to, burning of the second and third degree, scarring and damage to her skin, muscles, ligaments, cartilages, nerves, vessels, and other soft tissues; that all of Plaintiff's injuries are permanent, serious, painful and disabling, and will cause Plaintiff disability in the future; that Plaintiff's ability to work and enjoy life has been temporarily and permanently impaired and destroyed.

42.    As a direct and proximate result of the such breach, Plaintiff has been caused to undergo necessary medical and health care services and treatment in reasonable amounts, and that Plaintiff may become further obligated for necessary medical and health care services and treatment in the future in reasonable amounts.

43.    As a direct and proximate result of such breach, Plaintiff has lost wages, earnings, and income, and may continue to lose the same in the future.

44.    At the time the Heatwrap was sold, Defendant knew of the defective and dangerous conditions of the Heatwrap, as set forth above.

45.    Defendant knew or had information from which Defendants, in the exercise of ordinary care, should have known that such conduct created a high degree of probability of injury.

46.    The conduct of Defendant, as set forth above, showed a conscious disregard for the safety of Plaintiff and others, justifying an award of punitive damages in such sum which will serve to punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff demands judgment against defendant as to all causes of action as follows:

1. General damages according to proof,

2. Special damages according to proof,

3. Prejudgment interest according to law,

4. Punitive damages; and,

5. Any other further relief that the court considers just and proper.

_____
DATED

_____
NELSON MCELMURRY
Attorney For Plaintiff

## VERIFICATION (446, 2015.5 C.C.P.)

State Of California}

County Of San Benito}

I am the Plaintiff in the within states action. I have read the foregoing: Complaint, Cause of Action Strict Products Liability, Negligence, Failure To Warn, Breach Of Implied Warranty, and know the contents thereof; and certify (or declare) that the same is true of my own knowledge or belief, and as to those matters, I believe. I certify (or declare) under penalty of perjury that the information contained within is true and correct. Executed on May 9, 2008 at Hollister, CA.

_____
ELIZABETH PEREZ

-9-

# EXHIBIT D

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN BENITO**
440 Fifth Street, Room 205, Hollister, CA 95023
Telephone 831-636-4057, Fax 831-636-2046
www.sanbenito.courts.ca.gov

Plaintiff(s)                    )
                                )    Case No. _CU-08-00021_
                                )
vs.                             )    NOTICE OF INCLUSION IN CIVIL CASE
                                )    MANAGEMENT SYSTEM AND NOTICE
                                )    OF CASE MANAGEMENT CONFERENCE
Defendant(s)                    )
                                )

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that this action is included in the Civil Case Management System. San Benito

Superior Court Local Rule Chapter 3 applies to this action. You are required to comply with obligations

specified therein or pursuant to this Notice. **Non-compliance may result in the imposition of sanctions.**

• **Service on complaint** due on or before _4/23/08_ . A copy of this **Notice**

**of Inclusion** shall be served with the complaint upon the defendant(s).

• **Answer(s)** due on or before _5/23/08_

• You are further advised that a **Case Management Conference** is scheduled for

_6/5/08_ at _3:30_ p.m. Per California Rule of Court Rule 212(b),

parties shall meet and confer no later than 30 calendar days before the first scheduled case management

conference. A case management questionnaire shall be filed by each party with proof of service on the

opposing party no later than fifteen (15) days prior to the case management conference. Counsel for each

party and each self-represented party must appear at the conference. Contact the court clerk for information

regarding telephonic appearances.

Dated: _2/7/08_              by _M Crum_ , Deputy Clerk

Form Rev. 1/05

# EXHIBIT E

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

NELSON MCELMURRY, ESQ.                                    236079
THE SALCICCIA BUILDING
870 NORTH FIRST STREET
SAN JOSE, CA  95112
TELEPHONE NO. (408) 295-5555          FAX NO (Optional) (408) 295-4175
E MAIL ADDRESS (Optional)  nmcelmurry@sbcglobal.net
ATTORNEY FOR (Name):  Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN BENITO
STREET ADDRESS:  440 Fifth Street
MAILING ADDRESS:  440 Fifth Street, Room 205
CITY AND ZIP CODE:  Hollister, CA  95023-3833
BRANCH NAME

PLAINTIFF/PETITIONER: ELIZABETH PEREZ

DEFENDANT/RESPONDENT:THE PROCTER AND GAMBLE MFG.CO.,
                    DOES 1-10

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER: CU-08-00021 |
|---|---|

TO (insert name of party being served):  The Procter & Gamble Mfg. Co., by serving  C T Corporation System-Agent for Service

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  MAY 13, 2008

Nelson McElmurry, Esq.
      (TYPE OR PRINT NAME)                    ▶           (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other (specify):
      First Amended Summons and Complaint
      Notice of Inclusion In Civil Case Management System and Notice of Case Management Conference

(To be completed by recipient):

Date this form is signed:

_____          ▶    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,         (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)           ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use Judicial Council of California POS-015 (Rev. January 1 2005) Martin Dean's Essential Forms ™ | NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | Page 1 of 1 Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

# EXHIBIT F

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
05/27/2008
CT Log Number 513466459

**RECEIVED**

MAY 28 2008

CSO

TO: E.J. Wunsch
The Procter & Gamble Company
1 Procter & Gamble Plaza
Cincinnati, OH 45202

RE: **Process Served in California**

FOR: THE PROCTER & GAMBLE MANUFACTURING COMPANY (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Elizabeth Perez, Pltf. vs. The Procter and Gamble MFG. CO., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice and Acknowledgment of Receipt (2 Sets), Self Addressed Envelope, Notice of Case Management Conference, Summmons, Complaint |
| **COURT/AGENCY:** | San Benito County, Hollister, Superior Court, CA<br>Case # CU0800021 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - February 8, 2006 - Plaintiff was severly injured with second and third degree burns when using a Therma Heatwrap - Defendant failed to warn of dangers and defects |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/27/2008 postmarked: "Not Post Marked" |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 4-23-08 - Service on Complaint // 5-23-08 - Answer // 6-5-08 at 3:30 p.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Nelson Mcelmurry<br>The Salciccia Building<br>870 North First Street<br>San Jose, Ca 95112<br>408-295-5555 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798949634752<br>Image SOP - Page(s): 16<br>Email Notification, Joe Suarez suarez.jp@pg.com<br>Email Notification, Donna Quinn QUINN.DD@PG.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / JD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT G

06/23/2008 10:54 FAX  831 636 2046          SAN BENITO COURTS                    002/014

FROM : THELEN REID BROWN RAYSMAN      FAX NO. : 415 3697991          Jun. 23 2008 08:16AM P2

1   CAROLYN COLLINS, STATE BAR NO. 083228
2   LYNN R. FIORENTINO, STATE BAR NO. 226691
    GINA M. FORNARIO, STATE BAR NO. 246619
3   THELEN REID BROWN RAYSMAN & STEINER LLP
    101 Second Street, Suite 1800
4   San Francisco, CA  94105-3606
5   Tel. 415.371.1200
    Fax 415.371.1211
6   Attorneys for Defendant
    THE PROCTER & GAMBLE DISTRIBUTING, LLC
7   (erroneously named and sued as Procter and Gamble Manufacturing Company)

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN BENITO

10                      HOLLISTER - CIVIL

11

12

13  ELIZABETH PEREZ,                    Case No.: CU-08-00021

14              Plaintiff,              **ANSWER OF THE PROCTER &
                                        GAMBLE DISTRIBUTING, LLC TO
15      vs.                             PLAINTIFF'S VERIFIED COMPLAINT;
                                        REQUEST FOR JURY TRIAL**
16  THE PROCTER & GAMBLE
    MANUFACTURING COMPANY; DOES 1       First Amended Complaint filed: May 9, 2008
17  to 20,

18              Defendants.

19

20                      **INTRODUCTION**

21          For its answer to the verified Complaint filed by Plaintiff Elizabeth Perez (hereinafter

22  "Plaintiff"), Defendant The Procter & Gamble Distributing, LLC, a Delaware Corporation,

23  (hereinafter "Defendant"), answering solely on its own behalf and for no other person or party,

24  files this verified answer pursuant to Code of Civil Procedure sections 431.30(d), and hereby

25  admits, denies, and avers to the allegations contained in Plaintiff's First Amended Complaint

26  (hereinafter "the Complaint") alleged against it as follows.  Defendant further specifically denies

27  that Plaintiff has been injured in any way or damaged in any sum or amount or manner or way

28

Case 5:08-cv-03057-JW    Document 1    Filed 06/23/2008    Page 36 of 51
06/23/2008 10:54 FAX  831 636 2046         SAN BENITO COURTS                    ☑003/014

FROM : THELEN REID BROWN RAYSMAN        FAX NO. : 415 3697991           Jun. 23 2008 08:17AM P3

alleged, and specifically further denies any liability or fault whatsoever with respect to the matters
complained of in Plaintiff's Complaint.

## ANSWER TO GENERAL ALLEGATIONS

1.     Answering Paragraph 1 of the Complaint, Defendant lacks sufficient knowledge or
information to admit or deny the allegations of Paragraph 1 and on that basis, denies each and
every allegation in Paragraph 1.

2.     Defendant admits the allegations in Paragraph 2 of the Complaint. However, see
Introduction Paragraph (1:21-22) above regarding the entity appearing as defendant herein.

3.     Answering Paragraph 3 of the Complaint, Defendant admits that it or other Procter
and Gamble entities for which defendant hereby accepts liability for the matters alleged herein, if
any is established, designed, manufactured, and distributed to retailers for sale, but not directly to
"members of the public" a product known as ThermaCare Heatwrap ("the product"). Defendant
denies the remaining allegations in Paragraph 3 of the Complaint.

4.     Answering Paragraph 4 of the Complaint, Defendant lacks sufficient knowledge or
information to admit or deny the allegations in Paragraph 4 and on that basis, denies each and
every allegation in Paragraph 4.

## ANSWER TO COUNT ONE – STRICT PRODUCT LIABILITY

5.     Defendant incorporates by reference and repleads each of the answers, denials, and
allegations contained in Paragraphs 1-4, above.

6.     Answering Paragraph 6 of the Complaint, Defendant admits that it sells the product
in the regular course of its business. Except as specified in Paragraphs 1-4 above, Defendant lacks
sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 6 of
the Complaint and on that basis, denies each and every such allegation.

7.     Defendant denies each and every allegation in Paragraph 7 of the Complaint.

8.     Answering Paragraph 8 of the Complaint, Defendant lacks sufficient knowledge or
information to admit or deny the allegations of Paragraph 8 and on that basis, denies each and
every allegation in Paragraph 8.

06/23/2008 10:54 FAX  831 636 2046          SAN BENITO COURTS                                @004/014

FROM : THELEN REID BROWN RAYSMAN          FAX NO. : 415 3697991          Jun. 23 2008 09:17AM  P4

9.      Answering Paragraph 9 of the Complaint, Defendant denies that a defective and unreasonably dangerous condition existed in any product designed, manufactured, distributed, or sold by Defendant.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 9 and on that basis, denies each and every such allegation.

10.      Answering Paragraph 10 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 10 and on that basis, denies each and every allegation in Paragraph 10.

11.      Answering Paragraph 11 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 11, and on that basis, denies each and every allegation in Paragraph 11.

12.      Defendant denies each and every allegation in Paragraph 12 of the Complaint.

13.      Defendant denies each and every allegation in Paragraph 13 of the Complaint.

14.      Defendant denies each and every allegation in Paragraph 14 of the Complaint.

## ANSWER TO COUNT TWO – NEGLIGENCE

15.      Defendant incorporates by reference and repleads each of the answers, denials, and allegations contained in Paragraphs 1-14, above.

16.      Answering Paragraph 16 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 16 and on that basis, denies each and every allegation in Paragraph 16.

17.      Defendant denies each and every allegation in  Paragraph 17 of the Complaint.

18.      Defendant denies each and every allegation in Paragraph 18 of the Complaint.

19.      Defendant denies each and every allegation in Paragraph 19 of the Complaint.

20.      Defendant denies that the product contained any such design and/or manufacturing defects. Defendant lacks sufficient knowledge or information sufficient to form a belief sufficient to answer the remaining allegations in Paragraph 20 of the Complaint and on that basis, denies each and every such allegation.

21.     Defendant denies that the product contained any such design and/or manufacturing defects. Defendant lacks sufficient knowledge or information sufficient to form a belief sufficient to answer the remaining allegations in Paragraph 21 of the Complaint and on that basis, denies each and every such allegation.

22.     Defendant denies that the product contained any such design and/or manufacturing defects. Defendant lacks sufficient knowledge or information sufficient to form a belief sufficient to answer the remaining allegations in Paragraph 22 of the Complaint and on that basis, denies each and every such allegation.

23.     Defendant denies each and every allegation in Paragraph 23 of the Complaint.

24.     Defendant denies each and every allegation in Paragraph 24 of the Complaint.

## ANSWER TO COUNT THREE – FAILURE TO WARN

25.     Defendant incorporates by reference and repleads each of the answers, denials, and allegations contained in Paragraphs 1-24, above.

26.     Answering Paragraph 26 of the Complaint, Defendant admits that it distributes the product for sale in the regular course of business. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 26 of the Complaint and on that basis, denies each and every such allegation.

27.     Defendant denies each and every allegation in Paragraph 27 of the Complaint.

28.     Defendant denies each and every allegation in Paragraph 28 of the Complaint.

29.     Answering Paragraph 29 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 29 and on that basis, denies each and every such allegation.

30.     Defendant lacks sufficient knowledge or information sufficient to admit or deny whether plaintiff was damaged from the product. Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.     Answering Paragraph 31 of the Complaint, Defendant denies that a defective and unreasonably dangerous condition existed in any product designed, manufactured, distributed, or

sold by Defendant.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 31 and on that basis, denies each and every such allegation.

32.    Answering Paragraph 32 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 32 and on that basis, denies each and every allegation in Paragraph 32.

33.    Answering Paragraph 33 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 33 and on that basis, denies each and every allegation in Paragraph 33.

34.    Defendant denies each and every allegation in Paragraph 34 of the Complaint.

35.    Defendant denies each and every allegation in Paragraph 35 of the Complaint.

36.    Defendant denies each and every allegation in Paragraph 36 of the Complaint.

## ANSWER TO COUNT FOUR – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

37.    Defendant incorporates by reference and repleads each of the answers, denials, and allegations contained in Paragraphs 1-36, above.

38.    Defendant lacks sufficient knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of the Complaint, and except as specified in Paragraphs 1-4 above, on that basis denies each and every such allegation.

39.    Defendant lacks sufficient knowledge or information sufficient to admit or deny whether it sold the product and on that basis, denies.  Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

40.    Defendant denies each and every allegation in Paragraph 40 of the Complaint.

41.    Defendant denies that it breached any such implied warranty of merchantability. Defendant lacks sufficient knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 41 of the Complaint and on that basis, denies each and every such allegation.

SF #1497251 v4                                    -5-                          Case No.:  CU-08-00021
ANSWER OF THE PROCTER & GAMBLE DISTRIBUTING, LLC TO PLAINTIFF'S
VERIFIED COMPLAINT: REQUEST FOR JURY TRIAL

06/23/2008 10:55 FAX  831 636 2046        SAN BENITO COURTS        ☑007/014

FROM : THELEN REID BROWN RAYSMAN        FAX NO. : 415 3697991        Jun. 23 2008 09:19AM P7

42.    Defendant denies that it breached any such implied warranty of merchantability. Defendant lacks sufficient knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 42 of the Complaint and on that basis, denies each and every such allegation.

43.    Defendant denies that it breached any such implied warranty of merchantability. Defendant lacks sufficient knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 43 of the Complaint and on that basis, denies each and every such allegation.

44.    Defendant denies each and every allegation in Paragraph 44 of the Complaint.

45.    Defendant denies each and every allegation in Paragraph 45 of the Complaint.

46.    Defendant denies each and every allegation in Paragraph 46 of the Complaint.

## AFFIRMATIVE DEFENSES

As and for their separate, distinct, and affirmative defenses to Plaintiff's Complaint, and to each cause of action thereof, this answering Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Cause Of Action)

1.    Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Statute Of Limitations)

2.    On information and belief, Plaintiff's Complaint is barred by the applicable statute of limitations pursuant to Code of Civil Procedure Section 335.1.

### THIRD AFFIRMATIVE DEFENSE
(Assumption Of Risk)

3.    Defendant alleges on information and belief that Plaintiff voluntarily and knowingly assumed the alleged risks and alleged hazards in connection with the incident and/or conduct alleged in Plaintiff's Complaint, and Plaintiff's said acts proximately caused and contributed to Plaintiff's alleged injuries and damages, if there were any.

Case 5:08-cv-03057-JW     Document 1     Filed 06/23/2008     Page 41 of 51
06/23/2008 10:56 FAX  831 636 2046          SAN BENITO COURTS                    ☑008/014

FROM : THELEN REID BROWN RAYSMAN          FAX NO. : 415 3697991          Jun. 23 2008 08:19AM  P8

## FOURTH AFFIRMATIVE DEFENSE
### (Failure To Follow Warnings)

4.     On information and belief, Defendant alleges that Plaintiff was advised, informed, and warned of any potential hazards and/or dangers, if there were any, and Plaintiff failed to follow such warnings.

## FIFTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

5.     Defendant alleges that its conduct was not the cause in fact nor the proximate cause of Plaintiff's damages alleged, which damages Defendant denies, barring any recovery against Defendant on the Complaint, and each and every cause of action alleged therein.

## SIXTH AFFIRMATIVE DEFENSE
### (Superseding Cause)

6.     Defendant alleges that the damages alleged in the Complaint, and each and every cause of action alleged therein, which damages Defendant denies, were sustained as a result of an intervening or superseding cause, barring any recovery against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

7.     Defendant alleges upon information and belief that:

A.     At the time and place mentioned in Plaintiff's Complaint, Plaintiff was careless and negligent in and about the matters alleged in said Complaint, which carelessness and negligence caused and contributed, to the extent of one hundred percent, to any injuries and damages allegedly sustained by Plaintiff, if there were any; and

B.     In the event of any judgment or verdict in favor of Plaintiff herein, said judgment or verdict must be reduced to the extent that said carelessness and negligence of Plaintiff caused or contributed to the alleged injuries and damages allegedly sustained by Plaintiff, if there were any.

## EIGHTH AFFIRMATIVE DEFENSE
### (Conduct Of Others)

8.     Defendant alleges that any loss, injury, or damage to Plaintiff was proximately caused or contributed to by the negligent or other tortuous acts, omissions, and/or fault of other

SF #1497251 v4                    -7-                    Case No.: CU-08-00021

06/23/2008 10:56 FAX 831 636 2046          SAN BENITO COURTS                    ☑009/014

FROM : THELEN REID BROWN RAYSMAN       FAX NO. : 415 3697991          Jun. 23 2008 08:20AM  P9

1    persons or entities, which Defendant neither controlled nor had the right to control, and that no

2    particular damages to Plaintiff were caused by acts or omissions of this Defendant.

3

4

5

6    ### NINTH AFFIRMATIVE DEFENSE
     (Proposition 51)

7       9.    Defendant alleges that there are other persons, parties and/or Defendants who are at

8    fault and proximately caused Plaintiff's injuries, if any. If this answering Defendant is

9    responsible to Plaintiff, which responsibility is expressly denied, this answering Defendant is only

10   liable for its proportionate share of non-economic damages, if any, as set forth in Civil Code

11   Section 1431.2.

12   ### TENTH AFFIRMATIVE DEFENSE
     (Modification/Alteration Of Product)

13

14      10.    On information and belief, Defendant alleges that the products which allegedly

15   injured Plaintiff were altered, changed, or otherwise modified by parties, individuals, or entities

16   other than this answering Defendant, and said modifications, changes or alterations were a

17   proximate cause of the damages alleged by Plaintiff, if there were any.

18   ### ELEVENTH AFFIRMATIVE DEFENSE
     (Misuse And Abuse)

19

20      11.    Prior to and at the time of the alleged injuries, on information and belief, Defendant

21   alleges that the products which allegedly injured Plaintiff were misused and abused, and were not

22   being used in the manner in which they were intended to be used. Such misuse and abuse caused

23   and contributed to the injuries and damages complained of by Plaintiff, if there were any.

24   ### TWELFTH AFFIRMATIVE DEFENSE
     (Failure To Mitigate Damages)

25      12.    Defendant alleges that Plaintiff has failed to mitigate Plaintiff's losses, injuries, or

26   damages and is barred from recovering any damages which could have been avoided by

27   reasonable mitigation efforts.

28

06/23/2008 10:56 FAX 831 636 2046          SAN BENITO COURTS          ☑010/014

FROM : THELEN REID BROWN RAYSMAN        FAX NO. : 415 3697991        Jun. 23 2008 08:20AM P10

1

### THIRTEENTH AFFIRMATIVE DEFENSE
(Laches)

2

3      13.    Defendant alleges that Plaintiff has unreasonably delayed in the bringing of this

4   action, without good cause therefore. Said delay has directly resulted in prejudice to this

5   answering Defendant, and, therefore, this action is barred by laches.

6

7

### FOURTEENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

8

9      14.    Defendant alleges that Plaintiff is precluded from maintaining any cause of action

10  against this answering Defendant because Plaintiff's actions preclude equitable relief under the

   doctrine of unclean hands.

11

### FIFTEENTH AFFIRMATIVE DEFENSE
(Ambiguous Complaint-Defenses Reserved)

12

13     15.    Because the Complaint is framed in highly conclusionary language, Defendant may

14  not be able to fully anticipate all applicable affirmative defenses, and the right to assert new

15  defenses in the future that become apparent is therefore reserved.

16     WHEREFORE, this answering Defendant prays for judgment and relief as follows:

17

### PRAYER

18     1.    That Plaintiff takes nothing by reason of Plaintiff's Complaint on file herein;

19     2.    For judgment in favor of this answering Defendant and against Plaintiff on each

20  and every cause of action of Plaintiff's Complaint;

21     3.    That this answering Defendant be awarded its cost of suit, including its attorneys'

22  fees; and

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     4.    That this answering Defendant be awarded such other and further relief as the Court may deem proper and equitable.

Dated: June 23, 2008     THELEN REID BROWN RAYSMAN & STEINER LLP

By _Gina Fornario_

     Carolyn Collins
     Lynn R. Fiorentino
     Gina M. Fornario
     Attorneys for Defendant
     The Procter & Gamble Distributing LLC

06/23/2008 10:57 FAX  831 636 2046       SAN BENITO COURTS                    ☑012/014

FROM : THELEN REID BROWN RAYSMAN       FAX NO. : 415 3697991        Jun. 23 2008 08:21AM P12

1

2          ## REQUEST FOR JURY TRIAL

3          Defendant The Procter & Gamble Distributing, LLC hereby requests trial by jury in the

4   above-captioned matter.

5   Dated: June 20, 2008                    THELEN REID BROWN RAYSMAN & STEINER LLP

6

7                                 By   Carolyn Cox

8                                      Carolyn Collins
                                       Lynn R. Fiorentino
9                                      Peter W. Hoefs
                                       Attorneys for Defendant
10                                     The Procter & Gamble Manufacturing Company

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF #1497251 v4                    -11-                    Case No.: CU-08-00021
              ANSWER OF THE PROCTER & GAMBLE DISTRIBUTING, LLC TO PLAINTIFF'S
                        VERIFIED COMPLAINT; REQUEST FOR JURY TRIAL

06/23/2008 10 57 FAX  831 636 2046          SAN BENITO COURTS                          ☑013/014

FROM : THELEN REID BROWN RAYSMAN        FAX NO. : 415 3697991              Jun. 23 2008 08:21AM  P13

VERIFICATION

STATE OF OHIO            )
                         ) SS:
COUNTY OF HAMILTON       )

I, Susan Felder, am the Assistant Secretary of The Procter & Gamble Distributing LLC, and am authorized to make this verification in its behalf. I have read the foregoing The Procter & Gamble Distributing LLC's Answer and Affirmative Defenses to Plaintiff's Complaint ("Responses"), and know its contents. While I do not have personal knowledge of the facts recited in the Responses, as the information contained in said Responses has been collected and made available to me by others, said Responses are true to the best of my knowledge and belief based upon the information made available to me; and that, therefore, the said Responses are verified on behalf of The Procter & Gamble Distributing LLC in this litigation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Susan Felder

Sworn to before me and subscribed in my presence this 20th day of
June             2008 at [city, state].
                Cincinnati, Ohio.

_____
Notary Public

Valerie Obermeyer
Notary Public
State of Ohio
My Commission Expires
5-27-12

## PROOF OF SERVICE BY MAIL

CASE NO. CU-08-00021

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 101 Second Street, 18th Floor, San Francisco, California 94105.

On June 23, 2008, I served the following entitled documents:

**ANSWER OF THE PROCTER & GAMBLE DISTRIBUTING, LLC TO PLAINTIFF'S VERIFIED COMPLAINT; REQUEST FOR JURY TRIAL**

by placing a true and correct copy thereof in a sealed envelope addressed as follows:

> Nelson McElmurry, Esq.
> Law Offices of Thomas Salciccia
> The Salciccia Building
> 870 North First Street
> San Jose, CA 95112

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 23, 2008, at San Francisco, California.

_Linea Loberg_

# EXHIBIT H

Division of Corporations - Online Services

Page 1 of 1

 **State of Delaware**
The Official Website for the First State



Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal State & Local Se

State Directory | Help | Search Delaware :                              Citizen Services | Business Services | Visitor In

**Department of State: Division of Corporations**

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status
Validate Certificate

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions  View Search Results

## Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
|---|---|---|---|
| File Number: | 4224126 | Incorporation Date / Formation Date: | 09/22/2006 (mm/dd/yyyy) |
| Entity Name: | PROCTER & GAMBLE DISTRIBUTING LLC | | |
| Entity Kind: | LIMITED LIABILITY COMPANY (LLC) | Entity Type: | GENERAL |
| Residency: | DOMESTIC | State: | DE |

**REGISTERED AGENT INFORMATION**

| | |
|---|---|
| Name: | THE CORPORATION TRUST COMPANY |
| Address: | CORPORATION TRUST CENTER 1209 ORANGE STREET |
| City: | WILMINGTON |
| County: | NEW CASTLE |
| State: | DE |
| Postal Code: | 19801 |
| Phone: | (302)658-7581 |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like  ○ Status  ○ Status,Tax & History Information  [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

site map | about this site | contact us | translate | delaware gov

# EXHIBIT I

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN BENITO

**Perez, Elizabeth**

Plaintiff/Petitioner, )

vs.

**The Proctor and Gamble Co., Inc.**

Defendant/Respondent. )

Case No.   CU-08-00021
Date Filed:   February 7, 2008

**June 5, 2008 at  3:30 pm**
**Case Management Conference**

**PROCEEDINGS NOTICE/MINUTE ORDER**

☐ JUDGE TOBIAS    ☐ JUDGE  _____
☐ PLAINTIFF       ☑ ATTORNEY  (Nelson McElmurry) Bob Burch
☐ DEFENDANT       ☐ ATTORNEY  _____
☐ DEFENDANT       ☐ ATTORNEY  _____
☐ DEFENDANT       ☐ ATTORNEY  _____
☐                 ☐          _____

Telephonic ☐ ☐ ☐ ☐ ☐

**COURT ORDERS:**

☐ ARBITRATION   ☐ MEDIATION
☑ STATUS CONFERENCE   7/10/08   11:30 am   ✓
☐ TRIAL SETTING CONFERENCE
☐ SETTLEMENT CONFERENCE
☐ JURY TRIAL _____ ( _____ DAYS)
☐ BENCH TRIAL _____ ( _____ DAYS)

Defts Ans. due 6/23 (served 5/23) → Plf to request
timely response from Def; ~~gra~~ Plf notify Def of
next CMC.

Judge/Clerk

Proceedings Notice/Minute Order